26 539
47 441

THE LONG BRANCH AND SEA SHORE RAILROAD COMPANY, appellants, and SNEDEN, Receiver, respondent.

1. Where a receiver, under the act of 12th of February, 1874, is appointed, in behalf of the public, to operate a railroad, the road so taken should, as a general rule, be returned to the company who was in possession when the receiver was appointed.

2. The right of possession cannot be settled between two railroad companies, each claiming such right, in a proceeding of this nature.

3. The New Jersey Southern Railroad Company had been running the Long Branch and Sea Shore Railroad Company in connection with its own road, when both roads were taken possession of by a receiver appointed under the above act. The Long Branch and Sea Shore Railroad Company filed a petition, asking that it might be permitted to run its own road. *Held*—that such petition was properly denied, it appearing that the right to the possession of this road was in dispute between it and the New Jersey Southern Railroad Company.

Appeal from an order of the Court of Chancery. The opinion of the Chancellor is reported in 9 *C. E. Green* 402.

*Mr. L. Abbett,* for appellants.

*Mr. J. E. Lanning* and *Mr. R. Allen,* for respondent.

The opinion of the court was delivered by
THE CHIEF JUSTICE.

By an act of the legislature, approved February 12th, 1874, it is provided that, on the failure of any railroad company,

for the space of ten days, to run daily trains on any part of its road, upon petition, the Chancellor shall appoint a receiver, whose duty it is made to take possession of and to operate such road for such time as the Chancellor shall direct. This act is the creature of public considerations altogether, being entitled " An act for the relief of citizens on the line of any railroad that has or may hereafter fail or neglect to operate."

On a petition being filed, and upon satisfactory proofs, an order was made by the Chancellor, appointing William S. Sneden, receiver, by virtue of this act, therein directing him to take possession of and operate certain designated railroads, among which were those of the New Jersey Southern Railroad Company and the Long Branch and Sea Shore Railroad Company, which latter company is the appellant in this proceeding. This order, being the foundation of the procedure, has not been appealed from, and is not now before us. The act upon which this order rests is certainly one of great importance, both with respect to public and private interests, and with respect to the legal and constitutional principles which its construction and application involve. If, therefore, an appeal had been put in to this order, and in this way this court had been called upon, in the present cause, to enforce the provision of this statute, the subject would have challenged, and, no doubt, would have received a careful and deliberate consideration. But this step not having been taken, it is necessary to allude to the fact only with the purpose to exclude, in an explicit form, every inference that the topic was examined, or that this act, in its legal aspects, was, in any wise, sanctioned by this court.

The subject presented to this court by this appeal, is exclusively this :

After the order already mentioned had been made, and while it remained in force, the appellants, the Long Branch and Sea Shore Railroad Company applied, by their petition, to have their road surrendered and delivered up to them, putting their application on the ground that they were desirous of operating their own road, and that they had ample means

with which to do this. The Chancellor denied the prayer of this petition, for the reason that he was not fully satisfied that this company was entitled to the possession of their own road.

It seems to me this conclusion of the Chancellor, under the facts of the case, was clearly correct.

Those facts were these : The road of the appellants had, for some years, been run by the New Jersey Southern Railroad Company in connection with its own road, and so intimate had been this union, that the ostensible existence of the former company had been merged in that of the latter. The New Jersey Southern had abandoned and dismantled its northern terminus at Port Monmouth, and, by an extension of the appellants' road for the distance of three miles, had established a new one at Sandy Hook, thus making the latter road a necessary part of a complete line from its water communication on the north to its water communication on the south. It further appears, that the New Jersey Southern had a lease of the road of the appellants, which was said to have expired, but which was not produced. When cars ceased running, both these roads were in the possession of the New Jersey Southern Railroad Company. It is a fact, I think, which cannot be disputed, that at the time the Court of Chancery laid its hand upon this line of railroads, these two roads, that of the appellants and that of the New Jersey Southern, were in the peaceable possession of the latter company, and that the latter company claimed the right to operate both roads in conjunction. On this state of affairs, the Chancellor is asked to turn over the possession of the road of the appellants to them.

Now, I doubt very much whether, in any case of this kind, such a petition ought to receive even a hearing. The Chancellor was not authorized to take charge of this road for any such purpose as this. From the nature of the proceeding, it would appear that the possession of the road so taken would be returned to the company that was put out of possession by the order of the court. There is nothing in the statute, or in the character of the proceeding authorized by it, which gives the faintest color to the notion that the Chancellor, as an

adjunct to such proceeding, may decide the important question between rival claimants, as to the right of possession of the roads over which he deems it his duty to take control. It will be observed that, in the present application, these appellants are asking the Chancellor, in this summary way, by his incidental order, to give them the benefit which they would receive by a judgment in their favor in an action of ejectment against the New Jersey Southern Railroad Company. This, I think, is entirely unwarranted, for no such issue can or ought to be tried in such a method. Except in a case which is utterly free from contestibility, the company from whose possession the road is taken by force of a proceeding of this kind, is entitled to have such road returned to it. If any other company claims a paramount right of possession, that is a matter to be settled between the opposing parties in due course of law. It seems to me, therefore, that as soon as it appeared that the right of possession in this case was in dispute, this petition might probably have been dismissed from the Court of Chancery.

In addition to this general ground, upon which a denial of the relief prayed was proper, there was a further defect, which should have been fatal to the claim of the appellants. Such defect consisted in the omission of the New Jersey Southern Railroad Company as a party to this proceeding. So far as is shown, no notice of this petition, or of its hearing, was served upon this company. Upon the plainest principles, it would seem that this road could not be taken by the Court of Chancery from this company and handed over to another claimant, without giving to them the opportunity of being heard.

Under these circumstances, it is not necessary to consider the question raised on the argument, with respect to the admissibility of certain parts of the testimony on which the order appealed from was based. The essential facts, which will justify fully the decision made by the Chancellor, appear by the petitioners' own showing.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed.